UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN DALY, on Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PYSCHEMEDICS CORPORATION, RAYMOND C. KUBACKI, JAMES DYKE, and NEIL LERNER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

Plaintiff John Daly individually and on behalf of all others similarly situated, alleges the following against Psychemedics Corporation ("Psychemedics" or the "Company"), Defendant Raymond C. Kubacki ("Kubacki") and Defendant Neil Lerner ("Lerner") (collectively, "Defendants"), based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of Securities and Exchange Commission ("SEC") filings, review and analysis of press releases and other publications disseminated by certain of the Defendants and other related non-parties, a review of news articles and shareholder communications, and a review of other publicly available information concerning Psychemedics, the other Defendants, and related non-parties. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a securities class action on behalf of all purchasers of the common stock of Psychemedics between July 26, 2016 and January 31, 2017, inclusive (the "Class Period"), seeking remedies pursuant to §§10(b) and 20(a) of the federal securities laws.

2.      Psychemedics provides testing services for the detection of abused substances through the analysis of hair samples.  The Company represents in its public filings that Psychemedics testing methods utilize a patented technology that digests the hair and releases drugs trapped in the hair without destroying the drugs.

3.      Throughout the Class Period, Defendants falsely represented that the Company's revenues were drastically increasing driven "by our international business, specifically an

opportunity in Brazil" and that the Brazilian operations had a "very positive impact" on "revenue and earnings."

4.      On January 31, 2017, a press release was published reporting that a Brazilian court had found Psychemedics Brasil, a long-time business partner of the Company, in violation of Brazilian anti-competition laws and, as a result, it owes a competitor millions for losses caused by the anticompetitive practices.

5.      Upon the news, on January 31, 2017, the Company's stock price dropped from $25.62 per share on January 30, 2017 to close at $18.87 per share on January 31, 2017, or 26% with a more than 5,000% increase in trading volume as compared to the previous day.

## JURISDICTION AND VENUE

6.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. §240.10b-5.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act, 15 U.S.C. §78aa.

7.      Venue is proper in this District pursuant to Section 27 of the Exchange Act (15 U.S.C. §78aa), and 28 U.S.C. §1391(b).  Many of the false and misleading statements and omissions were made in or issued from this District.  Psychemedics' principal executive offices are located at 125 Nagog Park, Suite 200, Acton, Massachusetts, and many of the acts and transactions giving rise to the violations of law complained of occurred in this District.

## PARTIES

8.      Plaintiff John Daly purchased Psychemedics common stock during the Class Period as described in the Certification attached hereto and incorporated herein by reference and suffered damages thereon.

9.      Defendant Psychemedics is a Delaware corporation with its principal executive offices located in Acton, Massachusetts. Psychemedics provides testing services for the detection of abused substances through the analysis of hair samples.

10.     Defendant Kubacki is, and was throughout the Class Period, Psychemedics' Chief Executive Officer ("CEO"), President, and Chairman of the Board.

11.     Defendant Lerner is, and was throughout the Class Period, Psychemedics' Vice President of Finance.

12.     Defendants Kubacki and Lerner are collectively referred to herein as the "Individual Defendants."

13.     During the Class Period, the Individual Defendants served as Psychemedics' executive management and oversaw the Company's operations and finances.   The Individual Defendants were intimately knowledgeable about all aspects of Psychemedics' business operations and partnerships. They were also intimately involved in deciding which disclosures would be made by Psychemedics.  Defendant Kubacki made various public statements for Psychemedics during the Class Period. Psychemedics does not hold earnings calls after filing its quarterly and annual reports with the SEC. The Individual Defendants signed off on all quarterly and annual filings made with the SEC during the Class Period.

## BACKGROUND

14.     Psychemedics is the world's largest provider of hair testing for the detection of drugs of abuse, such as marijuana, cocaine, and opiates. The Company's patented process is used by thousands of U.S. and international clients, including over 10% of the Fortune 500 companies, for pre-employment and random drug testing. The Company completes the laboratory testing and analysis of all samples at two facilities in Culver City, California.

15.     The Company markets its drug testing products primarily through its sales department, its distributors, and the Internet. Psychemedics has international distributors in the United Kingdom, Brasil, and Turkey which serve the European, Central and South American, and Turkish markets, respectively.

16.     In 2002, the Company entered into a partnership with independent distributor Psychemedics Brasil Exames Toxicologicos Ltda. ("Psychemedics Brasil"). Psychemedics Brasil exclusively distributes Psychemedics' drug testing products to individuals and organizations throughout Central and South America.

17.     On June 16, 2016, Omega Laboratories, Inc. ("Omega"), a United States hair drug testing laboratory that is a direct competitor to Psychemedics, filed a lawsuit in the 23rd Civil Court of Brasilia alleging that Psychemedics Brasil and Laboratorios Omega Brasil Ltda. ("Omega Brasil") engaged in anti-competitive practices to lock Omega out of the Brazilian market.

**DEFENDANTS' FALSE AND MISLEADING CLASS PERIOD STATEMENTS**

18.     The Class Period starts on July 26, 2016.  On July 26, 2016, Psychemedics issued an earnings release announcing its second quarter 2016 financial results.  In the press release, Defendant Kubacki lauded the Company's earnings and emphasized that reported revenue was the highest in the Company's history, stating as follows:

> ACTON, Mass., July 26, 2016 /PRNewswire/ --Psychemedics Corporation (NASDAQ: PMD) today announced second quarter financial results for the period ended June 30, 2016.  The Company also announced a quarterly dividend of $0.15 per share payable to shareholders of record as of August 5, 2016 to be paid on August 15, 2016.  This will be the Company's 80th consecutive quarterly dividend.
>
> The Company's revenue for the quarter ended June 30, 2016 was $9.7 million versus $7.0 million for the quarter ended June 30, 2015, an increase of 39%.  Net income for the quarter ended June 30, 2016 was $1.6 million or $0.30 per diluted share, versus $252 thousand

or $0.05 per diluted share, for the comparable period last year, an increase of 547%. The Company's revenue for the six months ended June 30, 2016 was $16.4 million versus $13.8 million for the six months ended June 30, 2015, an increase of 19%. Net income for the six months ended June 30, 2016 was $1.6 million or $0.30 per diluted share, versus $530 thousand or $0.10 per diluted share, for the comparable period last year, an increase of 204%.

Raymond C. Kubacki, Chairman and Chief Executive Officer, said, "***We are very pleased to report the highest revenue and earnings for any quarter in the Company's history. The growth has been driven by our international business, specifically an opportunity in Brazil as noted below***. We also reached another milestone this quarter with 20 years of consecutive quarterly dividends.

"***We have noted since 2013 a significant opportunity in Brazil, and are very pleased to begin to see the results of our efforts and the efforts of our exclusive independent Brazilian distributor, Psychemedics Brasil. This opportunity is to compete for the testing of drugs of abuse required for professional drivers in Brazil. As of March 2016, testing for this opportunity had begun and is being phased in as some states have required additional time to implement the law***. Over the last two years, we have made significant investments in equipment, people and an additional facility to handle this business. In the recent past, these investments have impacted earnings and required the Company to take on long term debt. ***We are pleased about the very positive impact this opportunity had on the revenue and earnings this quarter.***

"The Company's balance sheet remains strong with approximately $2.3 million in cash and $4.7 million of working capital. The total equipment financing outstanding was $5.7 million as of June 30, 2016, compared to a total original amount borrowed of $8.7 million. Our directors share our confidence in the future of Psychemedics and remain committed to rewarding shareholders and sharing the financial success of the Company with them as we grow. Therefore, we are pleased to declare a quarterly dividend of $0.15 per share." (Emphasis added).

19.     On July 28, 2016, the Company filed its second quarter Form 10-Q with the SEC. The Company reported an increase in net income of more than $1.3 million, earnings per share of $0.30, and an increase in revenue of more than $2.7 million, as compared to the second quarter in

2015. The Company attributed these numbers to the rapid growth in its international business segment, namely with its distributor Psychemedics Brasil.

20.     In response to this release, on July 27, 2016 the Company's stock price jumped by more than 31% with a more than 3,000% increase in trading volume.

21.     The statements referenced above in ¶¶ 18-19 were each materially false and misleading because they failed to disclose and misrepresented the following adverse facts known by Defendants during the Class Period:

(a)     Psychemedics Brasil, Psychemedics' exclusive distributor in Brazil, was engaged in illegal, anticompetitive practices to prevent other companies from accessing the market;

(b)     Psychemedics Brasil may be subject to further investigation by Brazil's Administrative Council for Economic Defense as a result of its illegal, anticompetitive conduct; and

(c)     As a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

22.     On October 26, 2016, Psychemedics issued a press release announcing its third quarter 2016 financial results for the reporting period ended September 30, 2016.  The release emphasized the continued record setting revenues and the positive outlook for the rest of fiscal year 2016, stating in pertinent part as follows:

> ACTON, Mass., Oct. 26, 2016 /PRNewswire/ -- Psychemedics Corporation (NASDAQ: PMD) today announced third quarter financial results for the period ended September 30, 2016.  The Company also announced a quarterly dividend of $0.15 per share payable to shareholders of record as of November 7, 2016 to be paid

on November 17, 2016. This will be the Company's 81st consecutive quarterly dividend.

Raymond C. Kubacki, Chairman and Chief Executive Officer, said, "***For the second quarter in a row, we had record sales and earnings for any quarter in the Company's history. The growth has been driven by our international business, specifically professional driver testing in Brazil***.

"We have noted since 2013 a significant opportunity in Brazil, and are very pleased to see the results of our efforts and the efforts of our exclusive independent Brazilian distributor, Psychemedics Brasil. This opportunity is to compete for the testing of drugs of abuse required for professional drivers in Brazil.

"In the second quarter of this year, we noted that testing for drugs of abuse for professional drivers in Brazil had begun. We also noted that some of the Brazilian states had required additional time to implement the law. ***In this quarter, we had virtually all of the states begin testing and this had a very positive impact on the revenue and earnings for the quarter***. (Emphasis added).

23.      On October 27, 2016, the Company filed its third quarter Form 10-Q with the SEC. The Company reported net income of more than $2.7 million, earnings per share of $0.50, and an increase in revenue of more than $4.7 million, as compared to the third quarter in 2015. The Company again attributed these numbers to the increasing success and growth of Psychemedics Brasil.

24.      In response to this release, on October 27, 2016 the Company's stock price jumped by 17% with a more than 700% increase in trading volume.

25.      The statements referenced above in ¶¶ 22-23 were each materially false and misleading because they failed to disclose and misrepresented the following adverse facts known by Defendants during the Class Period:

(a)     Psychemedics Brasil, Psychemedics' exclusive distributor in Brazil, was engaged in illegal, anticompetitive practices to prevent other companies from accessing the market;

(b)     Psychemedics Brasil may be subject to further investigation by Brazil's Administrative Council for Economic Defense as a result of its illegal, anticompetitive conduct; and

(c)     As a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

## THE TRUTH IS REVEALED

26.     On January 31, 2017, a release was published reporting that a Brazilian court had found Psychemedics Brasil, a long-time business partner of the Company, in violation of Brazilian anti-competition laws and now owes a competitor millions for losses caused by the anticompetitive practices. The release stated as follows:

> SAO PAULO, Jan. 31, 2017 /PRNewswire/ -- Psychemedics Brasil Exames Toxicologicos Ltda. (Psychemedics Brazil) and Laboratorios Omega Brasil Ltda. (O. Brazil) were ordered on January 20th, 2017 to compensate Omega Laboratories, Inc. USA for losses caused by anticompetitive practices used for the purpose of "preventing other companies from accessing (the) market." This landmark ruling was secured through the law firms of Figueira, Hong, Amaral, Bertoni and Rocha, Baptista, Advogados on behalf of their American client, Omega Laboratories, Inc. (Omega USA), a forensic hair drug testing company. According to the court ruling, the indemnification may total in the millions of dollars (US).

> In a recent decision, the judge of the 23rd Civil Court of Brasilia reviewed and upheld the termination of an exclusivity agreement and ordered O. Brazil and Psychemedics Brazil to indemnify Omega USA, for among other things, lost profits.

After the submission of an overwhelming amount of evidence and testimony, the judge's ruling found that O. Brazil sought out an exclusive partnership with Omega USA with false claims to represent and sell Omega USA's hair drug testing to the Brazilian market, when in fact the agreement was intended to lock out Omega USA's access to the market.

When Omega USA terminated this deceptive agreement with O. Brazil, O. Brazil filed lawsuits against them to further prevent their entrance into the market. By locking Omega USA out of the market, Psychemedics Brazil was free to operate with limited competition.

****

The ruling notes that Psychemedics Brazil and O. Brazil used "cartel practices," in an attempt to form a drug testing monopoly which included unenforceable and exclusive contracts with collection sites, "all with a view to limit the entry and operation of new companies in the market." The court ruling further asserts that "The practice carried out by (O. Brazil) and Psychemedics (Brazil) is nothing more than a distortion aimed at undermining competition."

Court documents revealed that O. Brazil is "controlled by the nephew of the majority partner of Psychemedics Brazil." As a result of this, Omega USA was not permitted to sell their services due to O. Brazil and Psychemedics Brazil, "reducing competition and increasing the market in favor of the latter."

The ruling states that O. Brazil must immediately "refrain from using the Omega brand in any form in all its products, services, roles and forms, including its corporate name and internet domain, under penalty of a daily fine of R $ 5,000.00 (five thousand reais)." This ruling has been made to prevent undue exploitation of and damage to the Omega Laboratories USA name, brand, and reputation.

This ruling also ordered O. Brazil and Psychemedics Brazil "to indemnify Omega Laboratories Inc (Omega USA) for loss of profits," among other damages. While the final amount has not yet been released, the ruling states that "profits relating to these examinations shall be passed on to Omega USA as compensation

for lost profits." It is currently expected that this indemnification may total in the millions of dollars (US).

The ruling also indicated that there may be further investigation of Psychemedics   Brazil   and   O. Brazil by Brazil's Administrative Council for Economic Defense (CADE).

27.     In response to the report on January 31, 2017, the Company's stock price dropped by 26% with a more than 5,000% increase in trading volume as compared to the previous day.

## NO SAFE HARBOR

28.     Psychemedics' "Safe Harbor" warnings accompanying its reportedly forward-looking statements ("FLS") issued during the Class Period were ineffective to shield those statements from liability.  Because most of the false and misleading statements related to existing facts or conditions, the Safe Harbor has no applicability.  To the extent that known trends should have been included in the Company's financial reports prepared in accordance with GAAP, they are excluded from the protection of the statutory Safe Harbor.  15 U.S.C. §78u-5(b)(2)(A).

29.     The Defendants are also liable for any false or misleading FLS pleaded because, at the time each FLS was made, the speaker knew the FLS was false or misleading and the FLS was authorized and/or approved by an executive officer and/or director of Psychemedics who knew that the FLS was false.  In addition, the FLS were contradicted by existing, undisclosed material facts that were required to be disclosed so that the FLS would not be misleading.  Finally most of the purported "Safe Harbor" warnings were themselves misleading because they warned of "risks" that had already materialized or failed to provide meaningful disclosures of the relevant risks.

## ADDITIONAL SCIENTER ALLEGATIONS

30.     As alleged herein, Defendants acted with scienter in that Defendants knew that the public documents and statements issued or disseminated in the name of the Company were

materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, Defendants, by virtue of their receipt of information reflecting the true facts regarding Psychemedics, their control over, and/or receipt of modification of Psychemedics' allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Psychemedics, participated in the fraudulent scheme alleged herein.

### APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD-ON-THE-MARKET DOCTRINE

31.     At all relevant times, the market for Psychemedics' common stock was an efficient market for the following reasons, among others:

(a)     Psychemedics' stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)     The Company had 5.46 million shares outstanding as of January 31, 2017. During the Class Period, on average, 42,938 shares of Psychemedics stock were traded on a daily basis, demonstrating a very active and broad market for Psychemedics stock and permitting a very strong presumption of an efficient market;

(c)     as a regulated issuer, Psychemedics filed periodic public reports with the SEC;

(d)     Psychemedics regularly communicated with public investors *via* established market communication mechanisms, including regular disseminations of press releases on the national circuits of major newswire services, the Internet and other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

(e)     Psychemedics was followed by many securities analysts who wrote reports that were distributed to the sales force and certain customers of their respective firms during the Class Period.  Each of these reports was publicly available and entered the public marketplace; and

(f)     unexpected material news about Psychemedics was rapidly reflected in and incorporated into the Company's stock price during the Class Period.

32.     As a result of the foregoing, the market for Psychemedics common stock promptly digested current information regarding Psychemedics from publicly available sources and reflected such information in Psychemedics' stock price.   Under these circumstances, all purchasers of Psychemedics common stock during the Class Period suffered similar injury through their purchase of Psychemedics common stock at artificially inflated prices, and a presumption of reliance applies.

## LOSS CAUSATION

33.     During the Class Period, as detailed herein, Defendants made false and misleading statements, and omitted material information, concerning Psychemedics' business fundamentals and financial prospects and engaged in a scheme to deceive the market.

34.     By artificially inflating and manipulating Psychemedics' stock price, Defendants deceived Plaintiff and the Class and caused them losses when the truth was revealed.  Defendants' prior misrepresentations and fraudulent conduct became apparent to the market on January 31, 2017, causing Psychemedics' stock price to fall precipitously as the prior artificial inflation came out of the stock price.  As a result of their purchases of Psychemedics securities during the Class Period, Plaintiff and other members of the Class suffered economic loss, *i.e.*, damages, under the federal securities laws.

## CLASS ACTION ALLEGATIONS

35.     This is a class action on behalf of those who purchased or otherwise acquired Psychemedics common stock between July 26, 2016 and January 31, 2017, inclusive, excluding Defendants (the "Class").  Excluded from the Class are officers and directors of the Company as well as their families and the families of the Defendants.  Class members are so numerous that joinder of them is impracticable.

36.     Common questions of law and fact predominate and include whether Defendants: (a) violated the Exchange Act; (b) omitted and/or misrepresented material facts; (c) knew or recklessly disregarded that their statements were false; (d) artificially inflated the price of Psychemedics common stock; and (e) the extent of and appropriate measure of damages.

37.     Plaintiff's claims are typical of those of the Class.  Prosecution of individual actions would create a risk of inconsistent adjudications.  Plaintiff will adequately protect the interests of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## COUNT I

### For Violation of Section 10(B) of the Exchange Act
### and Rule 10b-5 Against All Defendants

38.     Plaintiff repeats and realleges the above paragraphs as though fully set forth herein.

39.     Throughout the Class Period, Defendants Psychemedics and the Individual Defendants, in pursuit of their scheme and continuous course of conduct to inflate the market price of Psychemedics common stock, had the ultimate authority for making, and knowingly or recklessly made, materially false or misleading statements or failed to disclose material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading.

40.     During the Class Period, Defendants Psychemedics and the Individual Defendants, and each of them, carried out a plan, scheme, and course of conduct using the instrumentalities of interstate commerce and the mails, which was intended to and, throughout the Class Period did: (a) artificially inflate and maintain the market price of Psychemedics common stock; (b) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (c) cause Plaintiff and other members of the Class to purchase Psychemedics common stock at inflated prices; and (d) cause them losses when the truth was revealed.   In furtherance of this unlawful scheme, plan and course of conduct, Defendants Psychemedics and the Individual Defendants, and each of them, took the actions set forth herein, in violation of §10(b) of the Exchange Act and Rule 10b-5, 17 C.F.R. §240.10b-5.   All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

41.     In addition to the duties of full disclosure imposed on Defendants Psychemedics and the Individual Defendants as a result of their affirmative false and misleading statements to the investing public, these Defendants had a duty to promptly disseminate truthful information with respect to Psychemedics's operations and performance that would be material to investors in compliance with the integrated disclosure provisions of the SEC, including with respect to the Company's revenue and earnings trends, so that the market price of the Company's securities would be based on truthful, complete and accurate information.   SEC Regulations S-X (17 C.F.R. §210.01, *et seq*.) and S-K (17 C.F.R. §229.10, *et seq*.).

42.     Defendants Psychemedics and the Individual Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein or acted with reckless disregard for the truth in that they failed to ascertain and disclose such facts, even though such facts were either known or readily available to them.

43.     As a result of the dissemination of the materially false and misleading information and failure to disclose material facts as set forth above, the market price of Psychemedics common stock was artificially inflated during the Class Period.  In ignorance of the fact that the market price of Psychemedics common stock was artificially inflated, and relying directly or indirectly on the false and misleading statements made knowingly or with deliberate recklessness by Defendants Psychemedics and the Individual Defendants, or upon the integrity of the market in which the shares traded, Plaintiff and other members of the Class purchased Psychemedics stock during the Class Period at artificially high prices and, when the truth was revealed, were damaged thereby.

44.     Had Plaintiff and the other members of the Class and the marketplace known of the true facts, which were knowingly or recklessly concealed by Defendants Psychemedics and the Individual Defendants, Plaintiff and the other members of the Class would not have purchased or otherwise acquired their Psychemedics shares during the Class Period, or if they had acquired such shares during the Class Period, they would not have done so at the artificially inflated prices which they paid.

45.     By virtue of the foregoing, Defendants Psychemedics and the Individual Defendants have violated §10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.  17 C.F.R. §240.10-5.

## COUNT II

### For Violation of §20(a) of the Exchange Act
### Against the Individual Defendants

46.     Plaintiff repeats and realleges the above paragraphs as though fully set forth herein.

47.     The Individual Defendants had control over Psychemedics and made the material false and misleading statements and omissions on behalf of Psychemedics within the meaning of §20(a) of the Exchange Act as alleged herein.  By virtue of their controlling shareholder status,

executive positions, board membership, and stock ownership, as alleged above, the Individual Defendants had the power to influence and control and did, directly or indirectly, influence and control the decision making of the Company, including the content and dissemination of the various statements which Plaintiff contends were false and misleading.  The Individual Defendants were provided with or had unlimited access to the Company's internal reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued, and had the ability to prevent the issuance of the statements or cause them to be corrected.

48.    In particular, the Individual Defendants had direct involvement in and responsibility over the day-to-day operations of the Company and, therefore, are presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein.

49.    By reason of such wrongful conduct, each of the Individual Defendants is liable pursuant to §20(a) of the Exchange Act.  As a direct and proximate result of the Individual Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of the Class, prays for judgment as follows:

A.    Determining that this action is a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and plaintiff's counsel as Lead Counsel;

B.    Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.      Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.      Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  January 31, 2017                              Respectfully submitted,


                                                     */s/Shannon L. Hopkins*_____
                                                     **LEVI & KORSINSKY LLP**
                                                     Shannon L. Hopkins (BBO# 657485)
                                                     shopkins@zlk.com
                                                     733 Summer Street, Suite 304
                                                     Stamford, Connecticut 06901
                                                     Tel.:  (203) 992-4523
                                                     Fax:  (212) 363-7171

                                                     HOLZER & HOLZER, LLC
                                                     COREY D. HOLZER
                                                     MARSHALL P. DEES
                                                     1200 Ashwood Parkway, Suite 410
                                                     Atlanta. GA  30338
                                                     Tel.: (770) 392-0090
                                                     Fax: (770) 392-0029

                                                     Attorneys *for Plaintiff*

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

The undersigned declares, as to the claims asserted under the federal securities laws, that:

Plaintiff has reviewed the initial complaint filed in this action.

Plaintiff did not purchase and/or acquire the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action under the federal securities laws.

Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.  I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is not dependent upon execution of this Plaintiff Certification.

Plaintiff's transactions in the security that is the subject of this action during the Class Period are as follows **- List additional transactions on Schedule A, if necessary**:

Purchases:

| Ticker of Company | Date(s) Purchased | # Shares Purchased | Cost/Share |
|---|---|---|---|
| PMD | 1/09/17 | 200 | 24.4634 |

Sales:

| Ticker of Company | Date(s) Sold | # Shares Sold | Proceeds/Share |
|---|---|---|---|

During the three (3) years prior to the date of this certification, Plaintiff has not sought to serve or served as a class representative in an action filed under the federal securities laws except for the following (if any):

Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___31___ day of ___january___, 2017 in _____houston_____, _____texas_____.

City                         State

(Signature) X_____

(Print Name)_____John Daly_____

DocuSign Envelope ID: 07E81352-D4BA-476B-9E06-A43608EFDD09

## SCHEDULE A

Purchases:

| Ticker of Company | Date(s) Purchased | # Shares Purchased | Cost/Share |
| --- | --- | --- | --- |

Sales:

| Ticker of Company | Date(s) Sold | # Shares Sold | Proceeds/Share |
| --- | --- | --- | --- |